<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

ROBERT N. SHAVER, III,

            Plaintiff,

      v.

ROBERT MORAN, ESQ., et al.,

           Defendants.

_____

:
:
:
:
:
:
:
:
:
:
:
:

Civil No. 09-2607 (RMB)

**O P I N I O N**

**APPEARANCES:**

Robert N. Shaver, III, <u>Pro</u> <u>Se</u>
# 144613
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

**BUMB, District Judge**

     Plaintiff, Robert N. Shaver, currently incarcerated at the
Atlantic County Justice Facility, Mays Landing, New Jersey, seeks
to bring this action <u>in</u> <u>forma</u> <u>pauperis</u>, without prepayment of
fees, pursuant to 28 U.S.C. § 1915. Based on plaintiff's
affidavit of indigence and institutional account statement, the
Court will grant his application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>
pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court
to file the complaint.

     At this time, the Court must review the complaint pursuant
to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it
should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, plaintiff's complaint will be dismissed.

## BACKGROUND

Plaintiff seeks to sue Robert Moran, the Atlantic County Public Defender, and Ralph Kramer, a pool attorney representing him in a state court trial.  Plaintiff states that these attorneys have not provided effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.  Particularly, Plaintiff accuses the defendants of not maintaining a proper defense, not investigating, and other trial errors.

Plaintiff asks this Court to expand the Public Defender's Office, "let [him] go home," hire a new head public defender, and for other monetary relief.

## DISCUSSION

**A.    Standard of Review**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are

routinely dismissed as legally frivolous." <u>Santana v. United States</u>, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A, that a court must dismiss, at the earliest practicable time, actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. <u>See id.</u>

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it

rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)
(quoting Conley v. Gibson, 355 U.S. 41, 47,  (1957), while
abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided
detailed and highly instructive guidance as to what type of
allegations qualify as sufficient to pass muster under the Rule 8
pleading standard.  See Phillips v. County of Allegheny, 515 F.3d
224, 230-34 (3d Cir. 2008).  The Court of Appeals explained, in
relevant part:

> [T]he pleading standard can be summed up thus:
> "stating ... a claim requires a complaint with enough
> factual matter (taken as true) to suggest" the required
> element.  This "does not impose a probability
> requirement at the pleading stage[ ]" but . . . "calls
> for enough facts to raise a reasonable expectation that
> discovery will reveal evidence of" the necessary
> element.

Phillips, 515 F.3d at 234 (internal citations omitted).

**B.    42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C.
§ 1983 for certain violations of his or her constitutional
rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party

> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## C. Plaintiff's Request for Release Will Be Dismissed.

Plaintiff's request for release and to let him go home will be dismissed.  In a series of cases beginning with Preiser v. Rodriquez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500.

In this case, to the extent that plaintiff asserts that there were violations in his trial and asks for release, his

5

claims are not cognizable in this § 1983 action.  Plaintiff must
file a habeas petition, pursuant to 28 U.S.C. § 2254, after
exhaustion of his state court proceedings.  Therefore, in
accordance with Preiser, the claims presented in the petition are
dismissable for failure to state a claim upon which relief may be
granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and
1915A(b)(1).

The Court further notes that the defendants named in this
action are not proper defendants in a § 1983 action.  Defendants
Moran and Kramer, as attorneys, are not state actors for purposes
of § 1983.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981)
(holding that public defenders do not act under color of state
law); Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972)
(privately-retained counsel does not act under color of state law
when representing client); Thomas v. Howard, 455 F.2d 228 (3d
Cir. 1972) (court-appointed pool attorney does not act under
color of state law).

Additionally, the Court further notes that although
plaintiff may allege facts indicating that he received
ineffective assistance of counsel and of various constitutional
errors in the course of his trial, plaintiff has not plead that
his conviction has been overturned or reversed on appeal or other
collateral review, to allow him to be awarded monetary damages.
See Heck v. Humphrey, 512 U.S. 477 (1994).

6

## CONCLUSION

Based upon the foregoing, plaintiff's complaint will be dismissed.  The Court will file an appropriate order.


s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: July 21, 2009